### J. W. KEENER AND C. Z. CANDLER v. J. W. DIFFENDERFER.

(Filed 20 December, 1919.)

**Contracts—Options—Parol Agreements—Written Contracts—Option Price —Damages—Evidence.**

> Where the plaintiff has agreed by parol to give the defendant an option on his mica mine for a certain sum, with privilege of examination, and had twice offered a written option, which was promptly declined as not conforming to the agreement, and the parties then agreed to let the matter rest until the defendant should visit plaintiff's town, which he afterwards did, but did not then see the plaintiff or examine his mine: *Held*, the minds of the parties had not come to an agreement as to the option, and the mere fact that the defendant retained one of the written options tendered him not amounting to a waiver of his rights, the plaintiff cannot recover the price of the option, the subject of his action.

APPEAL by plaintiffs from *McElroy, J.,* at February Term, 1919, of JACKSON.

This action was brought to recover $300 under an oral contract by which the defendant agreed to pay the plaintiffs said sum as a consideration for an option on the plaintiffs' mica mine for 90 days. The cause was referred to J. R. Morgan, referee, who found the facts and held as conclusions of law that the contract was one relating to the sale of lands, and was, therefore, invalid under the statute of frauds, and also that the option tendered was not in compliance with the oral agreement. The referee's findings of fact and of law were adopted by the court. Judgment in favor of defendant. Appeal by plaintiffs.

*Felix E. Alley for plaintiffs.*
*Coleman C. Cowan for defendant.*

CLARK, C. J.   The referee found that the plaintiffs entered into an oral agreement with the defendant whereby they agreed to execute and deliver to said defendant an option on their mica mine, with all the mining privileges, which option should be for 90 days, and for the price of $7,000.   For said option the defendant orally agreed to pay the sum of $300, if the defendant should elect to purchase, and if not, said $300 to be the property of the plaintiffs.   The plaintiffs, at the written request of the defendant by letter 23 September, 1915, executed and mailed to the defendant an option on said mica property, but it differed from the terms specified in the oral agreement in that $7,500 was named as the price, and the time limited for the option was different from what had been agreed upon.   The defendant notified the plaintiffs of this by letter 1 October, who immediately executed and forwarded on 4 October another option in accordance with the verbal agreement; providing, however, terms for the payment of the $7,000, whereas, the terms of said payment had not been definitely agreed upon.   The defendant again objected that the option sent was in this respect different from the previous agreement, and asked that the matter rest till they met.   Writing from Philadelphia where he resided, under date of 13 October, 1915, to the plaintiffs at Sylva, he said in regard to this second option: "It seems that the terms in your letter of the 4th, and what you stated to me when in your office, are somewhat conflicting; however, I think it would be a better plan if we let the matter rest until I go to Sylva, which will be within a very short time.   We can take the matter up in detail and embody our conversation in the option."

To this letter the plaintiffs assented by letter dated 18 October, in which they said: "If you are coming to Sylva soon, I think it a better plan to leave the matter open until you come, but if you are not expecting to come within a reasonable time, then the thing for us to do will be to straighten this out and close out the transaction.   You see the way it stands at present there is nothing definite as to what anybody is going to do."

It is true the referee finds that "when the defendant later returned to Sylva he did not go to the plaintiffs and adjust their differences, but retained the option without further complaint, and did not surrender it to the plaintiffs, who had suspended their operations of the mine so that the defendant might use the property for examination, and to test it in accordance with the option."   The defendant has not paid the plaintiffs the $300, and has not exercised the option to purchase the mine.

The findings of fact by the referee, approved by the court, show that neither option tendered was in accordance with the terms of the agreement, and that the parties agreed to leave the matter open until these differences were adjusted. They were not adjusted and the minds of the parties have not met. The defendant promptly notified the plaintiffs on both occasions that the option was not in accordance with the terms of the oral agreement. The fact that the defendant did not return the second option of itself was not a ratification in view of the fact that the defendant did not enter upon the mine to make an examination and test. The parties disagreed, and an option in accordance with the verbal agreement not having been furnished, and that tendered not having been accepted, the plaintiff cannot recover.

Affirmed.